UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STATE OF IDAHO; JEFF JAYNE, et al., )<br>  )<br>              Plaintiffs, )<br>  )<br>     vs. )<br>  )<br>MARK ALAN JOHNSON, )<br>  )<br>              Defendant. )<br>_____) | Civil No. 05-304-N-EJL<br><br>MEMORANDUM<br>ORDER OF REMAND |

Pursuant to 28 U.S.C. §§ 1441(b), 1443 and 1446, the Defendant recently removed this action from state court and invoked this Court's jurisdiction. The "burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). Any doubt as to the right of removal is resolved in favor of remand.[1] Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Having reviewed the Defendant's filings, it is apparent that the Defendant is attempting to remove a state criminal action to federal court. The purported jurisdictional basis for this removal from state court to federal court is 28 U.S.C. §§ 1443 and 1446.

## 28 U.S.C. § 1443

Title 28 U.S.C. §1443 states in pertinent part:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>   (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the

---

[1] This Court always undertakes an immediate review of a newly filed case to confirm that federal jurisdiction is proper. See Wisconsin Knife Works v. National Metal Crafters, 781 F.2d 1280, 1282 (7th Cir. 1986).

MEMORANDUM ORDER OF REMAND - 1

> equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> (2) For any act under color of authority derived from any law proving for equal rights . . . .

Defendant contends the matter was removed to protect his constitutional rights. Because the potential denial of constitutional rights has been referenced, and because the Defendant is appearing pro se, the Court will analyze this matter as a potential civil rights removal of a criminal action.

In order to remove an action under 28 U.S.C. § 1443, the movant must show

> that the right allegedly denied the removal petitioner arises under a federal law "providing for specific civil rights stated in terms of racial equality." Georgia v. Rachel, [384 U.S. 780, 792 (1966)]. Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice. That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1442(1). City of Greenwood v. Peacock, [384 U.S. 808 ,825 (1966)].

Johnson v. Mississippi, 421 U.S. 213, 219 (1975).

In the present removal materials, the removal Defendant has asserted just those types of matters which the Johnson court held would not pass section 1443 muster. Additionally, the Defendant has failed to assert that he is a member of any protected group, racial or otherwise. Consequently, the Court finds that, although Defendant has cited section 1443 as the avenue of removal, he would not qualify for removal under that code section.

## 28 U.S.C. § 1446

Title 28 of U.S.C. §1446 outlines the procedure for removal. Section § 1446(c) states in pertinent part:

> (2)   A notice of removal of a criminal prosecution shall include all grounds for such removal. A failure to state grounds which exist at the time of the filing shall constitute a waiver of such grounds, and a second notice may be filed only on grounds not existing at the time of the original notice.

MEMORANDUM ORDER OF REMAND - 2

> (4) The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.

Defendant asserts that removal under § 1446 is proper pursuant to 28 U.S.C. § 1331 and, in the alternative, pursuant to 28 U.S.C. § 1332. In examining Defendant's assertion, the Court in mindful that "[o]nly actions that originally could have been filed in federal court may be removed to federal court by the defendant." Audette v. ILWU, 195 F.3d 1107, 1111 (9th Cir.1999). Furthermore, it is well established that the "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id.

Here, the state action is a criminal prosecution. Citing to 28 U.S.C. § 1331, Defendant contends, however, that he is protected from Plaintiffs' state court action by the laws and Constitution of the United States. Even if these allegations are accepted as true, the potential or probable assertion of a federal defense is insufficient to confer federal jurisdiction. Cal. ex rel. Sacramento Metro. Air Quality Mgmt. Dist. v. United States, 215 F.3d 1005, 1014-15 (9th Cir. 200); Takeda v. Northwestern Nat. Life Ins. Co., 765 F.2d 815, 822 (9th Cir.1985).

Defendant also invokes this Court's jurisdiction on diversity grounds under 28 U.S.C. § 1332, alleging that the "dollar amount would be in excess of Seventy-Five Thousand." Defendant, however, "offered no facts whatsoever to support the court's exercise of [diversity] jurisdiction." Gaus, 980 F.2d at 567; see also Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 n.5 (9th Cir. 1996) (stating that the mere allegation of a jurisdictional minimum "neither overcomes the 'strong presumption' against removal jurisdiction, nor satisfies [Defendant's] burden of setting forth, in the removal petition itself, the underlying facts supporting its assertion" of diversity jurisdiction).

In sum, removal jurisdiction is not proper under any statutory provision. Therefore, this case will be remanded to state court pursuant to 28 U.S.C. § 1447(c) for lack of subject matter

MEMORANDUM ORDER OF REMAND - 3

jurisdiction. Section 1447(c), permits an award of attorneys' fees and costs to Plaintiffs for the improper removal. Given, however, that this appears to be Defendant's first removal action, the Court will defer an order of attorneys' fees at this time. See U.S. Healthcare of Calif., 296 F.3d 764, 770 (9th Cir.2002)

### ORDER

Based on the foregoing, and being fully advised in the premises, **IT IS HEREBY ORDERED** that

    1. The Defendant's Motion for Leave to Proceed In Forma Pauperis (docket no. 3) is **DENIED**;

    2. The Defendant's Motion for Warrant of Removal (docket no. 2) is **DENIED**; and

    3. The above-entitled action is **REMANDED** to the district court of the First Judicial District in the State of Idaho In and For the County of Bonner, No. CR 2005-4816; and the Clerk shall mail a certified copy of this Order to the Clerk of the aforesaid Idaho state court.

DATED: **July 28, 2005**

Honorable Edward J. Lodge
U. S. District Judge

MEMORANDUM ORDER OF REMAND - 4